ENTERED DEC 0 5 2014

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-13-324
RAC-CUM-12-02-14

ERIN GRANT,

Plaintiff

ORDER

v.

STATE OF MAINE
Cumberland. ss. Clerk's Office

TOWN OF FREEPORT,
Defendant

DEC 03 2014

RECEIVED

Before the court is Defendant Town of Freeport's Motion for Summary Judgment

on Plaintiff Erin Grant's Complaint pursuant to Maine Rule of Civil Procedure 56. This

case arises out of a motorcycle accident in Freeport on Flying Point Road, and Ms.

Grant's Complaint contains two counts: Count I is a negligence claim brought under the

Maine Tort Claims Act, 14 M.R.S.A. §§ 8104-A and 8116, and Count II is for liability

under the Highway Defect Statute, 23 M.R.S.A. § 3655. The court held a hearing on this

matter on November 5, 2014.

After reviewing the parties' filings, the court grants summary judgment in favor

of Defendant Town of Freeport, as it is clear that Ms. Grant cannot make a prima facie

case for either count of her Complaint and that the Defendant is entitled to judgment as a

matter of law. Ms. Grant's statements of material fact are insufficient and fail to comply

with Rule 56.[1] Stating that a party has not yet been deposed is not a proper response to a

---

[1] Ms. Grant repeatedly makes or opposes statements without reference to a record
citation. *See* M.R. Civ. P. 56(h)(2), (4). Rule 56(h)(4) provides that "The court may
disregard any statement of fact not supported by a specific citation to record material
properly considered on summary judgment. The court shall have no independent duty to
search or consider any part of the record not specifically referenced in the parties'
separate statement of facts."

statement of material fact, especially considering that the discovery deadline has long passed. Nor did Ms. Grant file Rule 56(f) affidavits explaining why she is unable to present facts to support her Opposition. In addition, a statement of material fact is not the place for legal argument.

Ms. Grant cannot succeed on a negligence claim under 14 M.R.S.A. § 8104-A(4), as no "construction, street cleaning or repair operations" were taking place at the accident site at the time of Ms. Grant's accident. Furthermore, § 8104-A(4) specifies that "A governmental entity is not liable for any defect, lack of repair or lack of sufficient railing in any highway, town way, sidewalk, parking area, causeway, bridge, airport runway or taxiway or in any appurtenance thereto."

Furthermore, the Law Court found in *Doucette v. City of Lewiston* that the liability limits statement contained in the member coverage certificate for the Maine Municipal Association (MMA) Property & Casualty Pool preserved the City of Lewiston's immunity. 1997 ME 167, ¶¶ 8, 10, 697 A.2d 1292. This finding is equally applicable to this action, since the Town of Freeport was also a member of the MMA pool at the time of the accident and has presented its member coverage certificate, which contains the same language quoted in *Doucette*. *Id.* As a result, it is already settled that the Town of Freeport has not waived its immunity because of its membership in the MMA pool.

In addition, Ms. Grant has also failed to appoint an expert witness on highway or road design or engineering, which is problematic, since an expert witness is necessary for her to prove that the road is defective. Ms. Grant would not be able to prevail on her 23 M.R.S.A. § 3655 claim.

2

Accordingly, the court **ORDERS** that the Defendant's Motion for Summary Judgment is GRANTED and judgment is entered in Defendant's favor as to Plaintiff's Complaint against it.

The clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: December 2, 2014

Hon. Roland A. Cole
Justice, Superior Court

3

--------------------------------------------------------------------------

01 0000002924                BENJAMIN, EDWARD R JR

     THREE CANAL PLAZA PO BOX 4630 PORTLAND ME 04112-4630

     F        TOWN OF FREEPORT                              DEF        RTND      10/01/2013


02 0000009379                TUCKER, SHENANNE R

     ONE MERRILL DR, SUITE 6 HAMPTON NH 03842

     F        ERIN GRANT                                    PL         RTND      07/24/2013